SAINT JOSEPH'S CHURCH *vs.* THE ASSESSORS OF TAXES OF PROVIDENCE.

"Free Public Schools" exempted from taxation by Public Laws, cap. 533, April 14, 1876, are only the schools which are established, maintained, and regulated under the statute laws of the State.

Hence realty, held by a religious corporation and used by ecclesiastical officers to furnish gratuitous instruction in parochial schools, is not relieved from taxation by Public Laws, cap. 533, April 14, 1876.

The residence of a priest or clergyman is not exempt from taxation as a "building for religious worship," under Public Laws, cap. 533, April 14, 1876, because it contains one room set apart as a chapel for religious worship.

PETITION presented under Gen. Stat. R. I. cap. 40, §§ 11, 12.

*January* 19, 1878. DURFEE, C. J. This is a petition for relief from over-assessment preferred under the statute, Gen. Stat. R. I. cap. 40, §§ 11 and 12. The assessment is complained of as excessive in two particulars.

1. The assessment is complained of as excessive, because it covers certain lots and buildings which the petitioners claim are exempt from taxation under Public Laws, R. I. cap. 533, April 14, 1876, and under the clause thereof, which exempts "buildings for free public schools, buildings for religious worship, and the lands upon which they stand, and immediately surrounding the same, to

an extent not exceeding one acre, so far as said buildings and land are occupied and used exclusively for religious or educational purposes."

The lots and buildings in question belong to St. Joseph's Church, a Roman Catholic Church in the city of Providence, which has been incorporated under the laws of the State, in its corporate capacity, and is held and used by the church exclusively for its parochial schools. The lots and buildings were purchased with moneys contributed for the purpose of establishing the schools, and the schools are maintained by contributions given from time to time to the officers of the church for their maintenance. The schools are gratuitously opened to all, without distinction of sect, who desire the education which they furnish. They are, however, managed and controlled exclusively by the officers of the church. The petitioners claim that they are " free public schools," and as such entitle the lots and buildings where they are established to exemption from taxation under the clause of cap. 533 above recited. And undoubtedly if they are " free public schools " in the sense in which those words are there used, the claim is just.

We think they are not free public schools in that sense. The statutes of the State contain frequent mention of public schools, and, uniformly, where the words occur, they signify the schools which are established, maintained, and regulated under the statute laws of the State. See Gen. Stat. R. I. cap. 47, § 1 ; cap. 53, §§ 8, 9 and 22 ; cap. 58, §§ 1, 10, and 13. We think the words were intended to have the same meaning in the statute under which the exemption is claimed. Such statutes are strictly construed.

2. The assessment is complained of because it covers lands and buildings which the petitioners claim are exempt from taxation under the clause of cap. 533 above recited, as being used exclusively for religious worship. The building in question is the parsonage or residence of the priest or clergyman of the church. It is a dwelling-house. It contains a room which is used as a chapel in the celebration of certain services and sacraments of the Roman Catholic Church, and, for that reason, it is contended that it is entitled to exemption as a building for religious worship. But we do not see how an entire house becomes a building

used exclusively for religious worship merely because one room
in it is used for religious worship, when all the other rooms are
devoted to personal or domestic uses. At the utmost, exemption
could be claimed, on that account, only for the room which is
used as a chapel. Neither do we think the building is, under
the statute, " a building for religious worship," because it is occu-
pied by a priest or ecclesiastic, who is peculiarly consecrated by
his own vows and by the discipline and canons of his church to
religious offices. Even such a person has secular necessities to
which his dwelling-house is subservient. And see *Gerke* v. *Pur-
cell*, 25 Ohio St. 229, 248.

The petition must be dismissed and judgment entered for the
respondents for costs.                        *Petition dismissed.*

*Charles E. Gorman*, for petitioner.

*Nicholas Van Slyck*, City Solicitor of the city of Providence,
*contra.*